UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEREMY A. CROZIER, | ) | |
| Plaintiff, | ) ) | 3:09-cv-00535-LRH-RAM |
| vs. | ) ) | **ORDER** |
| ADAM ENDEL, *et al.*, | ) ) | |
| Defendants. | ) ) / | |

This is a *pro se* prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* has been granted. (Docket #9). The Court now reviews the complaint.

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.  Complaint in the Instant Action**

Plaintiff names the following defendants in the complaint: Associate Warden Adam Endel, Nevada Attorney General Catherine Cortez Masto, Corrections Caseworker Claude Willis, Associate Warden Debra Brooks, Warden E.K. McDaniel, NDOC Deputy Director Greg Cox, NDOC Director Howard Skolnik, Inspector General Agent Jerry Thompson, Governor Jim Gibbons, Investigator Ashcroft, Corrections Caseworker Mark Drain, Corrections Caseworker Michael Oxbow, Inspector General Patrick Conmay, Associate Warden Renee Baker, Correctional Officer Robert Huston, Correctional Officer Robert Sedlacek, Nevada Secretary of State Ross Miller, Correctional Officer Tom Tolbert, and "John Doe" correctional officers. Plaintiff seeks declaratory relief, injunctive relief, and damages.

**A.  Count I**

Plaintiff contends that he was denied equal protection. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Turner v. Safley*, 482 U.S. 78, 84 (1987); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (per curium). To state a claim for a violation of the Equal Protection Clause, the prisoner must allege evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *see also Serrano*, 345 F.3d at 1082.

In Count I of the complaint, plaintiff makes allegations concerning his request for an investigation of staff misconduct within the Nevada Department of Corrections (NDOC). Plaintiff alleges that various defendants failed to properly investigate and failed to uphold NDOC policies. Plaintiff fails to state a claim against any defendant for a denial of equal protection. Plaintiff has alleged no facts to indicate that defendants acted with discriminatory intent, or treated him differently than some other class of inmates. Plaintiff fails to state a claim for an equal protection violation in Count I of the complaint, and amendment would be futile. As such, Count I is dismissed with prejudice.

### B. Count II

Just as in Count I, plaintiff contends that he was denied equal protection. In Count II, plaintiff again makes allegations concerning his request for an investigation of staff misconduct. Plaintiff has alleged no facts to indicate that defendants acted with discriminatory intent, or treated him differently than some other class of inmates. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *see also Serrano*, 345 F.3d at 1082. Plaintiff fails to state a claim for an equal protection violation in Count II, and amendment would be futile. Count II is dismissed with prejudice.

### C. Count III

In Count III, plaintiff asserts a denial of access to the courts, a denial of equal protection, and illegal seizure under the Fourth Amendment. Plaintiff alleges that defendant Thompson was assigned to investigate his claim of staff misconduct. Plaintiff alleges that defendant Thompson refused to review plaintiff's evidence, and instead told plaintiff that he would inform plaintiff whether he needed any evidence that plaintiff had in his possession. Plaintiff contends that defendant Thompson failed to conduct an adequate and meaningful investigation. Plaintiff asserts that defendant Thompson and defendant Ashcroft conspired to stop plaintiff from pursuing his staff misconduct claim. Plaintiff alleges that defendants Conmay and Thompson did not return his evidence of staff misconduct, and this prevented plaintiff from pursing litigation. Plaintiff asserts that defendants Conmay, Thompson, McDaniels, Baker, Gibbons, Miller, Cortez-Masto, Skolnik, and Cox promoted policies that prevented plaintiff from knowing anything about the staff misconduct investigation. Plaintiff further alleges that he "was refused all court access through the

denial of law library, as stated in Crozier v. Endel et al., 3:09-cv-326," a case that plaintiff filed in this Court.

### 1. Denial of Access to the Courts Claim

Regarding plaintiff's claim of denial of access to the courts, plaintiff alleges that he "was refused all court access through the denial of law library, as stated in Crozier v. Endel et al., 3:09-cv-326," a case that plaintiff filed in this Court. Plaintiff admits on the face of the complaint that he made this same allegations regarding denial of access to the courts in another federal lawsuit. Plaintiff may not bring repetitive actions alleging the same facts. The claim of denial of access to the courts is duplicative of plaintiff's action filed in this Court under case number 3:09-cv-326-RCJ-RAM. As such, the denial of access to the courts claim in the instant action is dismissed with prejudice.

### 2. Equal Protection Claim

Plaintiff contends that he was denied equal protection. Plaintiff has alleged no facts to indicate that defendants acted with discriminatory intent, or treated him differently than some other class of inmates. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *see also Serrano*, 345 F.3d at 1082. Plaintiff fails to state a claim for an equal protection violation in Count III of the complaint, and amendment would be futile. The equal protection claim is dismissed with prejudice.

### 3. Fourth Amendment Claim

Plaintiff contends that he was subjected to an unlawful seizure in violation of the Fourth Amendment, alleging that defendants Conmay and Thompson failed to return his evidence of staff misconduct. Prisoners have no Fourth Amendment right of privacy in their cells, and no Fourth Amendment right to prevent searches and seizures of property. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984); *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996). Plaintiff's Fourth Amendment claim is dismissed with prejudice for failure to state a claim.

### D. Count IV

In Count IV, plaintiff asserts that his First Amendment rights were violated. Plaintiff alleges that he was denied access to the courts. Plaintiff sought information from defendant Tolbert, a correctional officer whom plaintiff alleges had information related to one of plaintiff's civil lawsuits.

5

1  Plaintiff alleges that defendants prevented him from obtaining information he needed to prosecute a
2  civil lawsuit. Plaintiff further alleges that he has no physical access to the law library, "as stated in
3  Crozier v. Endel et al., 3:09-cv-326 filed in the U.S. District Court."
4        A prisoner alleging a violation of his right of access to the courts must have suffered "actual
5  injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to
6  direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of
7  confinement. *Id.* at 354-55. "An inmate cannot establish relevant actual injury simply by
8  establishing that his prison's law library or legal assistance program is sub-par in some theoretical
9  sense." *Id.* at 351. Rather, the inmate "must go one step further and demonstrate that the library or
10 legal assistance program hindered his efforts to pursue a legal claim." *Id.* The actual-injury
11 requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been
12 frustrated or was being impeded." *Id.* at 353. In *Lewis v. Casey*, the Supreme Court defined
13 prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id.* at 354.
14 Moreover, the Court specifically rejected the notion that the state must enable a prisoner to "litigate
15 effectively once in court." *Id.* (quoting and disclaiming language contained in *Bounds v. Smith*, 430
16 U.S. 817, 825-26 (1977)); *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995)
17 (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil
18 rights action or petition for writ of habeas corpus).
19       In the instant case, plaintiff alleges that defendants prevented him from obtaining
20 information he needed to prosecute a civil lawsuit and that he has no physical access to the law
21 library, "as stated in Crozier v. Endel et al., 3:09-cv-326 filed in the U.S. District Court." Plaintiff
22 has not been hindered from filing federal civil lawsuits in this Court. The Court takes judicial notice
23 of the large number of civil cases that plaintiff has filed in this Court, including, but not limited to
24 the following case numbers: 3:09-cv-326-RCJ-RAM; 3:09-cv-00533-RCJ-RAM; 3:09-cv-00694-
25 LRH-RAM; 3:09-cv-00755-LRH-VPC; 3:10-cv-00082-LRH-VPC; 3:10-cv-00208-HDM-VPC;
26 3:10-cv-00328-RCJ-RAM; and 3:10-cv-00371-HDM-RAM.[1] The many cases filed by plaintiff in
27
28     [1] The court may take judicial notice of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981).

this Court indicates that his right to access the courts is not being impeded. A prisoners' right of access to the courts is limited to the pleading stage of a civil rights action, *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995), and it is clear that plaintiff has had adequate opportunity to file civil rights actions. Plaintiff's allegations in Count IV fail to state a claim for denial of access to the courts. Count IV is dismissed with prejudice.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that the complaint and this entire action are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated this 10th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE